## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 1705-63 N. American Street, LP. *Plaintiff,* v. Schindler Elevator Corp. *Defendants.* | Case No. 2:25-cv-04962-GAW |

## OPINION

### I.    Introduction and Factual Allegations

The gist of the accusations of the Complaint in this case is as follows - Plaintiff 1705-63 N. American Street, LP ("Plaintiff") claims that it hired Defendant Schindler Elevator Corp. ("Defendant") to advise it on which elevators to install in its new construction apartment building, and then to install and maintain them. Plaintiff alleges that Defendant did, in fact, make recommendations on the appropriate elevators to install for the project, including providing Plaintiff information on the frequency of inspections required, based upon Plaintiff's stated desire to minimize necessary inspections. Plaintiff alleges that Defendant provided information that was literally true, but frustrated the purpose of the contract because Defendant was secretly aware that Pennsylvania was likely to expand the inspection requirements of the suggested elevators, and did not inform Plaintiff of that likelihood. As a result, Plaintiff alleges it has suffered damages in the form of increased elevator inspections,

avoidable elevator outages, and reputational harm.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires this Court to dismiss a count of a complaint if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation omitted). The court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The court cannot draw any *unreasonable* or unsupported inferences. *See, e.g.*: *Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.,* 450 F.3d 130, 133 (3d Cir. 2006) ("[W]e need not credit the non-movant's conclusions of law or unreasonable factual inferences."); *Little v. Chambersburg Hosp.*, No. 1:11-CV-01804, 2012 WL 1048820, at *4 (M.D. Pa. Mar. 28, 2012) ("The deferential standard of review applicable to a motion to dismiss does not go so far as to require this Court to accept unsupported inferences drawn by the Plaintiff."). A formulaic recitation of the elements of a claim will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, a pleader is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation omitted). Conclusory statements and unfounded speculation are insufficient to state a claim. *Parker v. Pennstar Bank, NBT,* 436 F.

App'x 124, 127 (3d Cir. 2011).

## III. Analysis

### a. This Court will not summarily dismiss Plaintiff's tort claims on the gist of the action doctrine.

As an initial matter, Defendant seeks dismissal of Plaintiff's tort law claims under the gist of the action doctrine. While that argument is occasionally appropriately raised at the motion to dismiss phase, Courts within this Circuit have repeatedly observed that courts should exercise "causation" in dismissing potentially meritorious tort claims on the gist of the action doctrine before fact discovery has been undertaken. *See, e.g.*: *Ferdi, LLC v. J&J Asset Securisation S.A.,* No. CV 22-04387, 2024 WL 128202, at *4, n.3 (E.D. Pa. Jan. 11, 2024) (Pappert, J.); *Raymond Handling Concepts Corp. v. Invata, LLC*, No. CV 23-145, 2023 WL 6626127, at *11 (E.D. Pa. Oct. 11, 2023) (Murphy, J.); *Lipman Bros. v. Apprise Software, Inc.*, No. CIV.A. 13-4439, 2015 WL 4476983, at *3 (E.D. Pa. July 22, 2015) (Schmehl, J.); *Lemons v. Meguerian*, No. CV 21-1737, 2022 WL 1289128, at *4 (E.D. Pa. Apr. 29, 2022) (Sánchez, J.); *Marcum v. Columbia Gas Transmission, LLC.,* 423 F. Supp. 3d 115, 124 (E.D. Pa. 2019) (Beetlestone, C.J.). Caution is appropriate, because "[a]pplication of this doctrine frequently requires courts to engage in a factually intensive inquiry as to the nature of a plaintiff's claims." *Addie v. Kjaer,* 737 F.3d 854, 868 (3d Cir. 2013).

Here, this Court finds there to be no clear cut application of the gist of the action doctrine here which would justify throwing that caution to the wind. The tort claims here generally allege some sort of either intentional or unintentional

misrepresentation by Defendant which was what convinced Plaintiff to make an agreement with Defendant in the first place. Those sorts of claims seem a particularly poor fit for the gist of the action doctrine in general. *See Victor Buyck Steel Const. v. Keystone Cement Co.*, No. CIV.A.09-2941, 2010 WL 1223594, at *2 (E.D. Pa. Mar. 30, 2010) (noting ways in which inducement torts resist the application of the gist of the action doctrine and the manners in which courts have struggled to reconcile the two concepts); *see also*: *Sullivan Chartwell Inv. Partners,* L.P., 873 A.2d 710, 719 (Pa. Super. 2005) ("[W]e conclude that since Appellant's tort claims relate to the inducement  to contract, they are collateral to the performance of the contracts and therefore, are not barred by the gist of the action doctrine."). Defendant is free to raise the gist of the action doctrine again at summary judgment, after the close of fact discovery.

### b. Count I states a claim upon which relief could be granted for breach of contract.

Defendant next claims that Plaintiff fails to identify a specific provision of the contract attached to the Complaint which was breached with respect to design, recommendation, or installation of the elevators. True enough. But the contract Plaintiff attached to its Complaint is the contract for maintenance of the elevators (which this Court will refer to as the "Maintenance Contract"). The Complaint makes well-pleaded factual allegations that there was also a contract regarding the design, selection, and installation of the elevators (which this Court will infer exists for purposes of this motion, and will refer to as the "Installation Contract"). This reading is further buttressed by the Complaint making references in its breach of contract

section to "contracts for the design and procurement of the elevators and for the maintenance of the elevators." Dkt. #1-3 at ¶ 77. The Complaint, therefore, unambiguously alleges there were at least two contracts by its usage of "contracts" in the plural. The fact that Plaintiff failed to attach one or more of them is not dispositive. If there was no "Installation Contract," this will be a very easy case to win after fact discovery, and one which might justify Rule 11 sanctions.

If there *were* such an Installation Contract and that contract's language actually supported dismissal in this case, Defendant could have attached it to its motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) (noting that defendant is permitted to attach and make reference to undisputedly true copy of contract at issue in case but not attached to complaint by plaintiff). The fact that it did not suggest the issue may not be as cut and dry as Defendant's briefing argues.

Finally, while not the model of clarity, the Complaint makes allegations from which this Court can infer that Defendant failed in at least some of the duties imposed by the Maintenance Contract, even if only by way of the implied warranty of good faith and fair dealing. For that reason, too, the breach of contract claim survives.

### c. **This Court will not dismiss any category of damages at this time.**

Defendant next asks this Court to grant dismissal of certain categories of damages it claims are excluded by the text of the Maintenance Agreement. Defendant's reading of the Maintenance Agreement suggests that it limits damages available to Plaintiff broadly, including all tort claims. But it is also plausible that

the provision cited is cabined to damages for breach of the Service Contract and related torts, but would not limit damages in preexisting tort claims or for breach of a prior contract. Indeed, the damages limitation cited by Defendant does not at all read as a waiver of then-existing claims. This Court will, of course, enforce the will of the Parties as explained in their contract, and agrees the Service Contract likely limits damages for claims under that contract in the way described by Defendant. But claims for other torts and breaches of at least one other contract exist, this Court cannot at this point say such damages are fully unavailable.

### d. Counts II, V, and VI state claims upon which relief can be granted.

This Court will not overly belabor its analysis on these counts, for fraudulent inducement fraudulent, misrepresentation, and negligent misrepresentation. Defendant claims each of these counts is deficient because Plaintiff has not identified a false representation or material omission. This Court disagrees. Whether or not it will win the day remains to be seen. But Plaintiff has pleaded that Defendant knew the regulations were likely to change and either intentionally did not tell or negligently forgot to tell Plaintiff of that fact, all while Plaintiff relied on Defendant's professional advice regarding how to minimize inspections. These allegations are enough to support each of these claims as this early stage, even considering the heightened pleading standard regarding fraud. It is quite clear what statements and omissions support Plaintiff's claims, and therefore dismissal at this time is inappropriate.

### e. Count III, which makes a bare claim for negligence, fails to state a claim upon which relief can be granted, or otherwise is duplicative of other claims.

Plaintiff pleads Count III as being in the alternative to the breach of contract and fraudulent inducement claims. According to the Complaint, the gist of these allegations is the same as the count brought by Plaintiff for breach of contract. This series of allegations is unavoidably and entirely duplicative of the breach of contract claim raised in Count I.

Because the purported negligence claim is based on the same conduct as the breach of contract claim, it would be barred by the gist of the action doctrine. Plaintiff's recovery (if any) for negligence would be based upon Defendant's failure to competently perform its services and provide accurate information, selecting the wrong elevators, negligently submitting paperwork, or failing to expeditiously fix elevators which were taken out of service by the state. These theories of recovery are entirely subsumed by the contract claim. If there was no contractual duty which required Defendant to give accurate and complete advice, file appropriate paperwork, or respond quickly to out of service elevators, there would be no freestanding theory of negligence with factual support in the Complaint to create a duty to do so.[1] For that reason, Count III is dismissed.[2]

---

[1]     Further, if the negligence claim actually is more about the non-disclosure's role in Plaintiff's agreeing to contract with Defendant, that would be subsumed by the negligent misrepresentation claim.

[2]     Because the negligence claim is so vague, this Court hesitates to dismiss it with prejudice, as such dismissal may be construed as barring any future negligence claim that may or may not become apparent during discovery. For that reason, dismissal of Count III is without prejudice to later seek leave to amend. This Court will not permit amendment presently, as Plaintiff's argument in opposition of dismissal of Count III suggest no present ability to meritoriously plead a count for negligence besides

### f. Count IV, which seeks a declaratory judgment, is dismissed for being duplicative of the claim for breach of contract.

As Plaintiff conceded in its own brief, Plaintiff's declaratory judgment claim "sets forth a critical contractual interpretation issue. . . ." (Dkt. #8 at 15). This Court agrees with that assessment. Courts routinely dismiss claims for declaratory relief which are duplicative of a breach of contract claim. *See Kapotas v. CTP Funding, LLC*, No. 2:24-CV-01995, 2025 WL 2250003, at *8 (E.D. Pa. Aug. 6, 2025) (Weilheimer, J.). Because Plaintiff's requested declaration is essentially tantamount to "declare Defendant breached the contract," it is not a properly-plead declaratory judgment action, and therefore this court must dismiss it.

## IV. Conclusion

This Court takes Defendant's point that the Complaint here is not a particularly artful piece of drafting. There are ambiguities which could have been made clearer, theories which could have been more clearly fleshed out, and at least one additional contract which could have been attached to the Complaint as an exhibit. But the Rules of Civil Procedure, as interpreted by the Supreme Court, do not demand that level of particularity of Plaintiff just yet. With the exceptions of the barely-pleaded count for negligence and the count for declaratory judgment (each of which is duplicative of the breach of contract claim), there is enough in the Complaint to permit this case to go forward. Defendant is directed to answer all but those two dismissed claims within 14 days of this opinion. An appropriate order will follow.

---

the negligent misrepresentation claim which this Court has permitted to go forward.

DATED: October 14, 2025        BY THE COURT:

_____
GAIL WEILHEIMER      J.